JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Thomas Starks appeals the trial court's judgment convicting him, following a bench trial, of failing to abate a public nuisance in violation of Golf Manor Ordinance 553.03(a). As part of the conviction, the court imposed a $500 fine. Starks brings forth seven assignments of error. For the following reasons, we affirm the judgment of the trial court subject to a modification reducing the fine to the proper maximum penalty plus court costs.
At trial, Wane Creager, Golf Manor's building inspector, testified that on March 27, 2003, he had observed a junk automobile in the driveway of Starks's residence. Creager testified that he walked up the driveway to look at the car and noticed that it had expired license plates. Creager also testified that, in a prior conversation with Starks, Starks had admitted that he owned the car and had nowhere else to store it.
By letter dated March 27, 2003, Creager notified Starks that he was in violation of Golf Manor Ordinance ("G.M.O.") 553.02(a), which provides that the storage of a junk car outside a building is a public nuisance, and gave Starks 15 days to remedy the situation. G.M.O. 553.01(a) provides that a junk car is "any used vehicle propelled or intended to be propelled by power other than human power and which * * * is unlicensed." On March 29, 2003, Golf Manor served notice on Starks. Starks failed to remove the car or to get it licensed. Accordingly, on May 1, 2003, Starks was cited for failing to abate a public nuisance in violation of G.M.O. 553.03(a).
In his first assignment of error, Starks maintains that the "trial [court] erred when [it] allowed misrepresented testimony and used it to find [him] guilty." Starks maintains that in closing argument the prosecutor misrepresented the evidence when he stated that Creager had observed the expired sticker on Starks's car from the street. The prosecutor did slightly misrepresent the evidence, but we hold that this was harmless error because it did not have any effect on the trial court's judgment. The court heard Creager's testimony that he had observed what he thought was a junk vehicle in Starks's driveway. Creager then testified that he went up the driveway and verified that the car was unlicensed. Whether Creager noticed the expired license plates from the street or when he was in the driveway was irrelevant to the court's finding of guilt. The trial court simply relied on the uncontroverted testimony that the car in Starks's driveway was unlicensed. The first assignment of error is overruled.
In his second assignment of error, Starks argues that the "trial [court] and prosecution erred when they did not notify [him] of change in charges." Essentially, Starks maintains that he thought he was being charged with failing to abate a public nuisance, but that when he appeared for trial, the charge had been changed to theft in violation of R.C. 2913.02.
The record reveals that the court's journal had listed Starks as being charged with theft, but that that reference had been crossed out and in its place "553.03 Public Nuisance" had been written. The trial court explained to Starks, on the record, that this was a "clerk's error. They printed that out incorrectly. You are charged with 553.03, is what I'm showing." Because the record demonstrates that Starks was not charged with theft, there was no need to notify him of any change in the charge. The second assignment of error is overruled.
In his third assignment of error, Starks maintains that the trial court erred "when [it] ignored the illegal search conducted by Golf Manor." Starks argues that the evidence that his license plates were expired should have been suppressed at trial because it was the fruit of an illegal search. Starks contends that Creager needed a warrant to enter his property (the driveway) to look at his car. Unfortunately, this issue was not raised in a pretrial motion to suppress evidence, and thus, the issue has been waived.[1] Crim.R. 12(B) and (G) require that any objections a defendant may have to evidence on the grounds that it was illegally obtained must be raised by a pretrial motion to suppress. The third assignment of error is overruled.
In the fourth assignment of error, Starks contends that the trial court erred when it "allowed [him] to be placed in double jeopardy." Starks maintains that because the court's journal entry initially listed the charge as theft, he was subject to double jeopardy. We disagree. Double-jeopardy protections under the Fifth Amendment stem from the premise that a defendant should not be tried or punished twice for the same crime.[2] Here, Starks was not being tried twice for the same crime, and he was not charged with one crime and tried for another, as he argues. As we have already noted, the trial court informed Starks that there had been a clerical error when the charge was entered on the court's journal and that it had been corrected to reflect that Starks was charged with failing to abate a public nuisance and not with theft. Because there were no double-jeopardy concerns present here, the fourth assignment of error is overruled.
In his fifth assignment of error, Starks maintains that the trial court erred "when [it] did not use the practices of Golf Manor in deciding on the fine given Starks." Starks argues that when he had challenged previous citations for failing to abate a public nuisance, the mayor's court in Golf Manor had imposed fines substantially less than the $500 fine imposed by the court here.
While sentencing is left to the discretion of the trial court, the court must impose a fine that is within the bounds of the applicable statute. Here, G.M.O 553.99 provides that failing to abate a public nuisance is a minor misdemeanor. Under the Golf Manor Code, a minor misdemeanor carries a maximum fine of $150.[3] Accordingly, we sustain this assignment of error and reduce Starks's fine to the maximum penalty of $150 plus court costs.
In his sixth assignment of error, Starks maintains that the trial court erred by attempting to blackmail Starks. Starks alleges that the trial court imposed a higher fine after it had learned that Starks was going to appeal its decision. This is incorrect. The court imposed a $500 fine, but simply told Starks that if he removed the car or had it licensed prior to a specific date, the court would reduce the fine to $200 plus costs. The trial court did not do anything improper and, in fact, granted Starks a stay until his appeal was resolved. Thus, the sixth assignment of error is overruled.
In his final assignment of error, Starks argues that the "junk vehicle ordinance is flawed because it does not consider the condition of the vehicle and other factors." Essentially, Starks contends that the ordinance is unconstitutional. Starks points out that, under the current ordinance, a new Rolls Royce, unlicensed, sitting in the owner's driveway would be considered a "junk vehicle." While Golf Manor should possibly rethink its "junk vehicle" statute based on this example, we cannot say that the ordinance is unconstitutional.
The ordinance is not overbroad because it does not prohibit any constitutionally protected conduct. The ordinance allows for maintaining an unlicensed vehicle on one's property as long as it is stored in a garage or other enclosure. Moreover, the ordinance is not unconstitutionally vague. The ordinance clearly sets forth what conduct is prohibited: storing an unlicensed vehicle outside a building within Golf Manor. Accordingly, the seventh assignment of error is overruled.
In sum, we affirm the judgment of the trial court, but modify the sentence to a maximum fine of $150 plus court costs.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] See State v. Hardy (Jan. 26, 2001), 2nd Dist. No. 18301.
[2] State v. Musick (1997), 119 Ohio St.3d 361,695 N.E.2d 317.
[3] See Golf Manor Ordinance 501.99(a)(2)(E).